UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HARRY LEE OLLIE, | Case No. CV 20-00027-JLS (JDE) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| XAVIER BECERRA, et al., | |
| Respondents. | |

## I.
## BACKGROUND

On January 2, 2020, the Court received from Petitioner Harry Lee Ollie ("Petitioner") a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet." or "Petition"). Dkt. 1. The Petition is directed at Petitioner's 2017 conviction in and sentence imposed by the Los Angeles County Superior Court. Pet. at 2 (CM/ECF pagination is used herein for page references to the Petition). Petitioner facially raises two grounds for relief: (1) sufficiency of the evidence; and (2) a challenge to the jury instructions issued by the trial court. Pet. at 9-13. The Court interprets the grounds broadly to assert challenges under the Due Process Clause Fourteenth Amendment, and further, broadly

interpreting the Petition, finds based upon an initial review and without prejudice to a potential challenge by Respondents, that Petitioner has made a prima facie showing that he has exhausted his available state remedies as to those two stated grounds.

However, the final sentence of Ground Two further states: "Appellant's Sixth Amendment constitutional right to be confronted with the witnesses against him was violated as his accuser, victim did not take the stand leaving conviction to be had by speculation." Pet. at 12. It does not appear that Petitioner has exhausted in state court any Sixth Amendment claim for relief.

If Petitioner intended by that last sentence of Ground Two in the Petition to raise a separate claim based on the Sixth Amendment, then the Petition appears partially unexhausted and subject to dismissal. However, if Petitioner did not intend to assert a separate Sixth Amendment ground for relief, the Petition facially would not appear subject to dismissal on exhaustion grounds. Therefore, as explained further below, the Court orders Plaintiff to provide clarification regarding whether he intended to assert a third ground for relief based on the Sixth Amendment, and if he did, show cause why the action should not be dismissed.

## II.
## EXHAUSTION GENERALLY

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)

circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Under the total exhaustion rule, if even one claim alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991), modified by Martinez v. Ryan, 566 U.S. 1 (2012); Castille v. Peoples, 489 U.S. 346, 349 (1989). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue *sua sponte*. See Stone v. City & Cnty. of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992) (as amended).

Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). However, the Ninth Circuit has held that, for purposes of exhaustion, *pro se* petitions are held to a more lenient standard than counseled petitions. Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc).

### III.
### DISCUSSION

As noted above, although it appears that Petitioner's two stated grounds have been exhausted, if the sentence at the end of Ground Two is interpreted

3

as a separate ground for relief based on the Sixth Amendment, such a claim does not appear to have been fairly presented to the state courts and disposed of on the merits by the California Supreme Court and thus does not appear to have been exhausted. If it were clear that the California Supreme Court would hold that Petitioner's possible Sixth Amendment claim was procedurally barred under state law, then the exhaustion requirement would be satisfied. See Castille, 489 U.S. 346 at 351-52; Johnson, 88 F.3d at 831.[1] Here, however, it is not clear that the California Supreme Court will so hold. Thus, if the Petition asserts a claim based on the Sixth Amendment, it would be unexhausted under the rule set forth by Rose v. Lundy, set forth above, and subject to *sua sponte* dismissal. However, before making any finding, the Court will afford Petitioner an opportunity to respond and, importantly, to clarify whether, by the single reference to the Sixth Amendment at the end of Ground Two, Petitioner intended to raise a separate claim for relief.

## IV.

## ORDER

Therefore, Petitioner is ORDERED TO SHOW CAUSE in writing, why this action should not be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts for failure to exhaust state remedies. **By no later than February 4, 2020**, Petitioner shall file a response to this Order.

---

[1] In that event, although the exhaustion impediment to consideration of Petitioner's claims on the merits would be removed, federal habeas review of the claims would still be barred unless Petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." See Coleman, 501 U.S. at 750.

4

In the Response, Petitioner shall first state whether he intended by the above-quoted last sentence of Ground Two in the Petition to raise a third claim for relief based on the Sixth Amendment. If he did not intend to raise a separate Sixth Amendment claim for relief, but instead only intended to raise two grounds, one based upon the sufficiency of the evidence and one based on alleged improper jury instructions, he should so state. If Petitioner states that he only intended to assert those two grounds for relief and did not intend to assert a separate Sixth Amendment claim, he need make no further response and the Petition will no longer be subject to dismissal as partially unexhausted on the basis of such an unexhausted Sixth Amendment claim.

If Petitioner did intend to assert a third claim for relief based on the Sixth Amendment, and if he contends that he has, in fact, exhausted such claim, he must clearly explain the basis for this contention, and provide any available competent evidence that establishes exhaustion.

Alternatively, if Petitioner did intend to assert a third claim for relief based on the Sixth Amendment and does not contend it has been exhausted, in his response he may so state and he also may request a stay under Rhines v. Weber, 544 U.S. 269, 277-78 (2005) and/or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) to permit Petitioner to, during the stay, return to the state courts to exhaust the unexhausted claim.

In Rhines, the Supreme Court held that, in certain "limited circumstances," courts have the discretion to stay a "mixed petition" containing both exhausted and unexhausted claims, and to hold it in abeyance while a petitioner exhausts the remaining claims in state court. If Petitioner requests a stay of the proceedings under Rhines, Petitioner must show the following: (a) he has good cause for failing to exhaust the unexhausted claim

in state court; (b) the unexhausted claim is potentially meritorious and not "plainly meritless"; and (c) he has not engaged in abusive litigation tactics or intentional delay. See Rhines, 544 U.S. at 277-78.

If Petitioner seeks a stay under Kelly, he may seek leave to dismiss his unexhausted claim and ask the Court to stay his remaining exhausted claims while he returns to the state courts to exhaust his dismissed claim. Once the claim has been exhausted in state court, Petitioner may return to federal court and seek leave to amend the Petition to include the newly-exhausted claim. See Kelly, 315 F.3d at 1070-71; see also King v. Ryan, 564 F.3d 1133, 1140-43 (9th Cir. 2009). However, Petitioner is advised that he will only be able to amend his unexhausted claims back into his federal petition if the claims are timely or if the claims share a common core of operative facts with the claims in the pending petition. King, 564 F.3d at 1140-41.

Petitioner may argue that the Petition is wholly exhausted and still request a Kelly and/or Rhines stay in the alternative. Petitioner is cautioned that if he requests a stay under Rhines or Kelly and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court may recommend that the Petition be dismissed.

Again, <u>if Petitioner did not intend to raise a separate ground based on the Sixth Amendment in the Petition, he may so state in his response to this order, and confirm that he only asserts the two grounds expressly stated in the Petition, based upon claims of insufficient evidence and instructional error, and if Petitioner does so, he need take no further action</u> and the Court will order the Petition served on the proper respondent, the warden or person in charge of the facility in which the petitioner is incarcerated. See Stanely v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

6

**The Court warns Petitioner that a failure to timely file a response to this Order by February 2, 2020 may result in the Court dismissing this action as unexhausted, failure to prosecute, and failure to comply with a Court order. See Fed. R. Civ. P. 41(b).**

Dated: January 07, 2020

                                                                  _____
                                                                  JOHN D. EARLY
                                                                  United States Magistrate Judge